UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRYL LOVING**                              **CIVIL ACTION**

**VERSUS**                                     **NO. 15-830**

**MARLIN N. GUSMAN, SHERIFF, ET AL.**          **SECTION "H"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Darryl Loving, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin N. Gusman, Major Carlos J. Louque, and Major Bonita J. Pittman. In this lawsuit, plaintiff complained about the conditions of confinement he experienced within the Orleans Parish Prison system.

On April 8, 2015, the Court issued an order scheduling a <u>Spears</u> hearing in this matter for April 28, 2015. Because plaintiff is no longer incarcerated, that order provided:

> Plaintiff shall participate **by telephone** with the Magistrate Judge's office initiating the call. **IT IS ORDERED** that, on or before April 27, 2015, plaintiff contact the undersigned Magistrate Judge's chambers at 504-589-7620 to provide the Court with a telephone number at which he can be reached on April 28, 2015, at 9:00 a.m. **If he fails to do so and fails to participate in the scheduled conference, the undersigned will recommend that plaintiff's claims be dismissed for failure to prosecute.**[1]

---

[1] Rec. Doc. 6.

Plaintiff did not provide a telephone number as ordered. Therefore, at 9:00 a.m. on April 28, 2015, the Court attempted to contact plaintiff at the telephone number listed for him on the docket sheet. Plaintiff's mother answered the call and informed the Court that plaintiff was at work.[2]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff failed to provide the Court with a telephone number at which he could be reached for the Spears hearing, failed to request that the hearing be rescheduled, and made no effort to participate in the hearing. Due solely to plaintiff's failure, this Court has no way to advance his case on the docket. Therefore, his complaint should be dismissed for failure to prosecute.

---

[2] The Court notes that plaintiff had not contacted the Court to request that the Spears hearing be rescheduled.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this twenty-ninth day of April, 2015.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.